ANDERSON & KARRENBERG
SCOTT A. CALL (0544)
700 Bank One Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  801/534-1700

Liaison Counsel

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
DOUGLAS R. BRITTON
ELLEN GUSIKOFF STEWART
DAVID A. THORPE
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058

Lead Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNDA STEINBECK, On Behalf of Herself and All Others Similarly Situated, ) | Case No. 2:00-CV-848-PGC |
| ) | **(Consolidated)** |
| ) | Judge Paul G. Cassell |
| Plaintiff, ) | |
| ) | ~~PROPOSED~~ CLASS ACTION |
| vs. ) | |
| ) | STIPULATION OF SETTLEMENT |
| SONIC INNOVATIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |



This Stipulation of Settlement dated as of February 25, 2004 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of himself and each of the Settlement Class Members), by and through his counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On and after October 25, 2000, the following actions were filed in the United States District Court for the District of Utah, Central Division, as securities class actions on behalf of purchasers of Sonic Innovations, Inc. ("Sonic" or the "Company") stock during a defined period of time:

|     | Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- | --- |
| (a) | *Steinbeck v. Sonic Innovations, Inc., et al.* | 2:00CV848B | 10/25/00 |
| (b) | *Zhang v. Sonic Innovations, Inc., et al..* | 2:00CV852C | 10/26/00 |
| (c) | *Schultze v. Sonic Innovations, Inc., et al.* | 2:00CV882C | 11/09/00 |
| (d) | *Madere v. Sonic Innovations, Inc., et al.* | 2:00CV947ST | 12/05/00 |
| (e) | *Quan v. Sonic Innovations, Inc., et al.* | 2:00CV956B | 12/13/00 |

These actions were consolidated for all purposes by stipulation filed January 29, 2001.  The consolidated actions are referred to herein collectively as the "Litigation."

The operative complaint in the Litigation is the Second Amended Class Action Complaint for Violation of the Securities Act of 1933 and the Securities Exchange Act of 1934 (the "Complaint"), filed December 21, 2001.  The Complaint alleges violations of §§11 and 15 of the Securities Act of 1933 and §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated

thereunder on behalf of a class of purchasers or acquirers of Sonic stock during the period between May 2, 2000 and October 24, 2000, including those who purchased or acquired their shares pursuant or traceable to Sonic's May 2, 2000 initial public offering.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Settlement Class have suffered damage, that the price of Sonic stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, the Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation

against the Defendants through trial and through appeals. The Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. The Lead Plaintiff also is mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. The Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, the Lead Plaintiff and his counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for himself and the Settlement Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member whose timely claim for recovery has been allowed pursuant to the terms of the Stipulation. No defendant named in any complaint in the Litigation shall be entitled to make a claim on the Settlement Fund as a Settlement Class Member or otherwise.

1.2    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4     "Defendants" means Sonic and the Individual Defendants.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.6     "Escrow Agent" means the law firm of Milberg Weiss Bershad Hynes & Lerach LLP or its successor(s).

1.7     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.8     "Individual Defendants" means Andrew Raguskus, Stephen Wilson, Anthony B. Evnin, Luke B. Evnin, G. Gary Shaffer, Allan M. Wolfe and Sigrid Van Bladel.

1.9    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.10    "Lead Plaintiff" means Raymond Durbala.

1.11    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12    "Plaintiffs' Settlement Counsel" means Lead Counsel: Milberg Weiss Bershad Hynes & Lerach LLP, Ellen Gusikoff Stewart, 401 B Street, Suite 1700, San Diego, California, 92101.

1.13    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.14    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, venture capital investment firms, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family.

1.15    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.23 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiff or any Settlement Class Member against the Released Persons arising out of, based upon or related in any way to any of the following: (a) the allegations, transactions, facts, matters, acts, events, disclosures, statements, occurrences, representations, omissions or failures to act involved, set forth, referred to or that could have been asserted in the Complaint; (b) the purchase of Sonic stock by the Lead Plaintiff or any Settlement Class Member during the Class Period; (c) the purchase, sale or other disposition of Sonic stock by Defendants during the Class Period; and (d) any and all claims arising out of, relating to, or in connection with the settlement or resolution of this Litigation.

1.16    "Released Persons" means each and all of the Defendants and their Related Parties.

1.17    "Settlement Class" means all Persons who purchased or otherwise acquired Sonic stock during the period between May 2, 2000 and October 24, 2000, inclusive, including those who purchased or acquired Sonic stock pursuant or traceable to the Company's May 2, 2000 initial public offering, and were damaged thereby.  Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Sonic, and the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person or entity.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement

Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Settlement Class according to the procedures to be set by the Court.

1.18    "Settlement Class Period" or "Class Period" mean the period commencing on May 2, 2000 through October 24, 2000, inclusive.

1.19    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.17 of the Stipulation.

1.20    "Settlement Fund" means the principal amount of Seven Million Dollars ($7,000,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon after payment of the principal amount.

1.21    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of themselves and the Settlement Class Members.

1.22    "Sonic" means Sonic Innovations, Inc.

1.23    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and each other Settlement Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Unknown Claims and Released Claims, but hereby stipulate and agree that upon the Effective Date, the Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Unknown Claims and Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

2.     **The Settlement**

a.     **The Settlement Fund**

2.1     Defendants shall cause its insurance carriers to transfer the principal amount of $7,000,000 in cash to the Escrow Agent on or before December 11, 2003. The Settling Parties acknowledge this event has occurred.

### b.    The Escrow Agent

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund.  Neither the Defendants nor their Related Parties shall have any responsibility or liability for investment decisions.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $100,000 from the Settlement Fund in it.  The Class Notice and Administration Fund may be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any.  The Class Notice and

Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation. In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Escrow Agent or its actions as to the Class Notice and Administration Fund.

       **c.**      **Taxes**

    2.7     (a)     Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

          (b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (as defined in ¶2.7(c)) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

          (c)     All (a) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may

be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses or the filing of any tax documents with the Internal Revenue Service or any other state or local taxing authority. The Escrow Agent shall indemnify and hold each of the Defendants, their Related Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefore or for any reporting requirements that may relate thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

2.8     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) and the funds in the Class Notice and Administration Fund (including accrued interest, less expenses actually incurred or due and owing in connection with the settlement provided for herein) shall be refunded *pro rata* to the entities contributing to the Settlement Fund, as provided in ¶7.3 below.

### 3.     Notice Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto and publication of a summary notice substantially in the form of Exhibit A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined in ¶6.1 below) and the date of the Settlement Hearing.

3.2     Plaintiffs' Settlement Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiffs' Settlement Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.      Releases**

4.1      Upon the Effective Date, as defined in ¶1.5 hereof, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, and the Litigation shall be dismissed with prejudice.

4.2      The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.  All Settlement Class Members shall be bound by the releases set forth in this Section 4 whether or not they submit a valid and timely Proof of Claim and Release.

4.3      Upon the Effective Date, as defined in ¶1.5 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5.      Administration and Calculation of Claims, Final Awards and
         Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members.

5.2      The Settlement Fund shall be applied as follows:

- 13 -

(a)     to pay counsel for Lead Plaintiff attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to reimburse Lead Plaintiff time and expenses incurred in serving in that capacity;

(c)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(d)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(e)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

- 14 -

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

(c)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiffs' Settlement Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.4     This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurers. The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants or their Related Parties with respect to matters set forth in this Section 5.

5.5     No Person shall have any claim against Plaintiffs' Settlement Counsel, the Claims Administrator, or other entity designated by Plaintiffs' Settlement Counsel, based on distributions

made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.6     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.     Plaintiffs' Settlement Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1     Plaintiffs' Settlement Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Plaintiffs' Settlement Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiffs' Settlement Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of plaintiffs' counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does

not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Settlement Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such plaintiffs' counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph 6.2.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by any of the counsel to the Lead Plaintiff for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Defendants and their Related Parties shall have no responsibility for and no liability whatsoever with respect to any payment of attorneys' fees and expenses to Plaintiffs' Settlement Counsel over and above payment from the Settlement Fund.

6.5     Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Settlement Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants' insurance carriers shall have timely transferred or caused to be timely transferred the Settlement Fund to the Escrow Agent as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(d)     the Judgment has become Final, as defined in ¶1.7 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants or their Related Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiffs' Settlement Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.  Neither a modification nor a reversal on appeal of any Plan of Allocation or of any amount of attorneys' fees, expenses and interest awarded by the Court to Plaintiffs' Settlement Counsel shall constitute grounds for cancellation and termination of this Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or does not become effective for any reason, within five (5) business days after written

- 18 -

notification of such event is sent by counsel for Defendants, or Plaintiffs' Settlement Counsel to the

Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest),

plus any amount then remaining in the Class Notice and Administration Fund (including accrued

interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof, or

are determined to be chargeable to the Class Notice and Administration Fund shall be refunded by

the Escrow Agent pursuant to written instructions from Defendants. In such event the Defendants or

their insurer(s) shall be entitled to any tax refund owing to the Settlement Fund. At the request of

counsel to the Defendants, the Escrow Agent or its designee shall apply for any such tax refund

owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred

in connection with such application(s) for refund.

       7.4     In the event that the Stipulation is not approved by the Court or the settlement set

forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

Settling Parties shall be restored to their respective positions in the Litigation as of November 19,

2003. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8,

7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not

be used in this Litigation or in any other proceeding for any purpose, and any judgment or order

entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc

pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court

concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest

awarded by the Court to the Lead Plaintiff or any of his counsel shall constitute grounds for

cancellation or termination of the Stipulation.

       7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

terms, neither the Lead Plaintiff nor any of his counsel shall have any obligation to repay any

amounts actually and properly disbursed from the Class Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of shares of Sonic stock purchased or acquired by Persons who would otherwise be Members of the Settlement Class, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Settling Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

7.7     Each of the Defendants warrants and represents that he, she or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation.  This warranty is made by each such Defendant and not by each such Defendant's counsel.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.   While retaining their rights to deny that the claims advanced in the Litigation were meritorious, Defendants in any statement made to any media, will not deny that the Litigation was filed in good faith and is being settled voluntarily after consultation with competent legal counsel. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement referenced in ¶7.6 constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8     Plaintiffs' Settlement Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Utah, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Utah without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of February 25, 2004.

DATED: February 25, 2004

ANDERSON & KARRENBERG
SCOTT A. CALL
700 Bank One Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  801/534-1700

Liaison Counsel

MILBERG WEISS BERSHAD
   HYNES & LERACH LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
DOUGLAS R. BRITTON
ELLEN GUSIKOFF STEWART
DAVID A. THORPE


_____
ELLEN GUSIKOFF STEWART

401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

DATED: February 25, 2004

WILSON, SONSINI, GOODRICH &
   ROSATI
TERRY T. JOHNSON
KENT W. EASTER


_____
KENT W. EASTER

650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  650/493-9300
650/565-5100 (fax)

Attorneys for Defendants

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.