FILED
U.S. DISTRICT COURT
25 MAY 04 PM 3: 12
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

ANDERSON & KARRENBERG
SCOTT A. CALL (0544)
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: 801/534-1700

Liaison Counsel

LERACH COUGHLIN STOIA
 & ROBBINS LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
DOUGLAS R. BRITTON
ELLEN GUSIKOFF STEWART
DAVID A. THORPE
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058

Lead Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNDA STEINBECK, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>SONIC INNOVATIONS, INC., et al.,<br><br>          Defendants. | Case No. 2:00-CV-848-PGC<br>**(Consolidated)**<br>Judge Paul G. Cassell<br><br>PROPOSED CLASS ACTION<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:    May 25, 2004<br>TIME:    3:00 p.m.<br>COURTROOM:  The Honorable<br>                Paul G. Cassell |



This matter came before the Court for hearing pursuant to an Order of this Court, dated March 1, 2004, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of February 25, 2004 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Unknown Claims and Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class Members and the Defendants. Accordingly,

the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Unknown Claims and Released Claims against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form, and the Litigation shall be dismissed with prejudice.

6. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Settlement Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 5/25/04

_____
THE HONORABLE PAUL G. CASSELL
UNITED STATES DISTRICT JUDGE

Submitted by:

ANDERSON & KARRENBERG
SCOTT A. CALL

_____
SCOTT A. CALL

700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: 801/534-1700

Liaison Counsel

LERACH COUGHLIN STOIA
 & ROBBINS LLP
WILLIAM S. LERACH
EDWARD P. DIETRICH
DOUGLAS R. BRITTON
ELLEN GUSIKOFF STEWART
DAVID A. THORPE
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058

Lead Counsel for Plaintiffs

S:\Settlement\SonicInn.set\JGT00009472.doc

AS OF MAY 7, 2004

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED

Exhibit 1

```
                                                              tsh
                    United States District Court
                              for the
                         District of Utah
                         May 26, 2004


          * * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:00-cv-00848



True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


        Deno G. Himonas, Esq.
        JONES WALDO HOLBROOK & MCDONOUGH
        170 S MAIN ST STE 1500
        PO BOX 45444
        SALT LAKE CITY, UT  84145-0444
        EMAIL

        Kent W. Easter, Esq.
        WILSON SONSINI GOODRICH & ROSATI
        650 PAGE MILL RD
        PALO ALTO, CA  94304-1050
        EMAIL

        Timothy A. Balombin, Esq.
        WILSON SONSINI GOODRICH & ROSATI
        ONE MARKET SPEAR TOWER STE 3000
        SAN FRANCISCO, CA  94105

        Mr. Scott A. Call, Esq.
        ANDERSON & KARRENBERG
        50 W BROADWAY STE 700
        SALT LAKE CITY, UT  84101
        JFAX 9,3647697

        Michael G. Lange, Esq.
        BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
        ONE LIBERTY SQUARE
        BOSTON, MA  02109

        Charles J. Piven, Esq.
        401 E PRATT ST STE 2525
        BALTIMORE, MD  21202
        EMAIL

        Jody E. Anderman, Esq.
        LEBLANC MAPLES & WADDELL
        5353 ESSEN LN STE 420
        BATON ROUGE, LA  70809
        JFAX 8,225,7687999
```

Marc A. Topaz, Esq.
SCHIFFRIN CRAIG & BARROWAY
3 BALA PLAZA E STE 400
BALA CYNWYD, PA   19004

William S. Lerach, Esq.
LERACH COUGHLIN STOIA & ROBBINS LLP
401 B ST STE 1700
SAN DIEGO, CA   92101